**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

```
SHERLY BOYD,                    )
                                )
            Plaintiff,          )
                                )
     v.                         )   No.  06 C 177
                                )
LAW TITLE INSURANCE CO. and     )
CONTIMORTGAGE CORPORATION,      )
                                )
            Defendants.         )
```

**MEMORANDUM OPINION**

Plaintiff Sherly Boyd filed a <u>pro se</u> complaint against Law Title Insurance Co. ("Law Title") and ContiMortgage Corporation ("ContiMortgage"). Along with her complaint, Boyd filed an application for leave to proceed <u>in forma pauperis</u> ("IFP").

The federal IFP statute, codified at 28 U.S.C. § 1915, is designed to provide indigent litigants meaningful access to the courts. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989). Under the statute, an IFP petitioner must submit an affidavit that demonstrates an inability to pay the requisite costs of filing an action. <u>See</u> 28 U.S.C. § 1915(a)(1). Boyd states in her financial affidavit that she is currently unemployed and that she was last employed in April 1990. Her only income in the last year has been $603.00 from social security benefits. She does not specify whether she received this amount each month or whether it is a

total figure for the year, but even if it is a monthly figure, it is very modest. In addition, Boyd has no savings or valuable assets. On these facts, she has demonstrated her inability to pay court costs.

Our inquiry, however, does not end with a finding of indigency. To prevent abuse of the IFP statute, we must review the complaint and dismiss the action if we determine that it (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). We are mindful of our special responsibility to construe a pro se complaint liberally. See Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

The crux of Boyd's complaint is that she is about to be evicted from her home "at any time now." She alleges that her current mortgage servicer, Fairbanks Capital Corporation ("Fairbanks"), is "trying to destroy" her and that Fairbanks "fraudulently practic[ed] business" by increasing her mortgage payments. But Fairbanks is not named as a defendant; rather, plaintiff sues Law Title and ContiMortgage, alleging that ContiMortgage was the originator of the loan and that apparently Law Title was the mortgage broker or otherwise involved in the initial transaction. Plaintiff complains that Law Title and ContiMortgage "lead [sic] [her] into the fraud that [Fairbanks] was

practicing" and that her mortgage payments were greater than had initially been represented. ContiMortgage apparently assigned the loan servicing to Fairbanks around July 2000.

A docket search reveals that plaintiff filed a similar action in this court in December 2004 against Manufacturers & Traders Trust Company ("MTT"), which evidently owns the mortgage loan. (Plaintiff refers to MTT and Fairbanks collectively as "Fairbanks.") In that action, plaintiff stated in her complaint that she wanted to have "all records of [her] case to be transferred to federal court" because "Manufacturers & Traders Trust (Fairbanks Capital)" was "trying to have [her] evicted from [her] house and there [sic] actions" were "directly related to fraud." (Complaint, 04 C 8241.) MTT moved to dismiss the action, indicating in its motion that MTT had filed a mortgage foreclosure action against Boyd in the Circuit Court of Cook County and that an order of foreclosure had been entered. Our colleague, Judge Filip, granted MTT's motion and dismissed Boyd's action in January 2005.

It appears from the state-court docket of the foreclosure proceeding that a foreclosure sale had taken place in October 2004 and that Boyd maintained possession of the home after the sale. In mid-December 2004, the state-court judge set a date for eviction in early January 2005. Boyd appealed that order to the Illinois Appellate Court, and the Appellate Court issued an order staying Boyd's eviction from the home while the appeal was pending. It is

unclear whether the Illinois Appellate Court has ruled on the appeal.

On January 9, 2006, Boyd moved to re-open her federal case, stating that she is soon "to be evicted any time, any day." Judge Filip denied that motion on January 12. The same day, Boyd filed the instant action, which is simply another attempt to collaterally attack the state-court judgment of foreclosure.

The <u>Rooker-Feldman</u> doctrine precludes lower federal courts from hearing cases brought by those who lose in state court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 125 S. Ct. 1517, 1521-22 (2005).

Here, Boyd again attacks the state-court foreclosure and confirmation of sale, and she had a reasonable opportunity to raise her claims of fraud in state court. (State and federal courts have concurrent jurisdiction over Truth-in-Lending and related claims, see <u>Byrd v. Homecomings Fin. Network</u>, No. 04 C 8049, 2005 WL 3601707, at *4 (N.D. Ill. Dec. 29, 2005).) Because the <u>Rooker-Feldman</u> doctrine applies, we have no jurisdiction to hear Boyd's claims.

Accordingly, the complaint is dismissed with prejudice for lack of subject-matter jurisdiction. Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is denied.

DATED: January 23, 2006

ENTER: _____
John F. Grady, United States District Judge